◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILLARY BEST, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 12, 1977, convicting him of rape in the first degree and resisting arrest, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and a new trial ordered. On February 18, 1976 the complainant was allegedly raped at knifepoint in an elevator in the Copenhagen Building in Lefrak City. She claimed that she saw her attacker again in that vicinity in June, 1976. Then on January 5, 1977 she saw defendant in a Kansas Fried Chicken store in that vicinity, and told her companion that defendant was the man who had raped her. On January 13, 1977, Detective Mollie Gustine placed defendant under arrest for the rape, but before she could advise defendant as to the charges against him, he allegedly resisted arrest. Defendant was subdued and was taken to the precinct, where, after being advised of the charges against him and of his *Miranda* rights, he admitted that he had been in the Kansas Fried Chicken store but denied all knowledge of the rape. On January 28, 1977 complainant identified defendant in a lineup. Defendant was subsequently indicted for, *inter alia,* rape in the first degree and resisting arrest. At trial, complainant's companion of January 5, 1977 testified that complainant told him on that occasion, "that's him. That is the fellow that raped me", a clear violation of the principles enunciated in *People v Trowbridge* (305 NY 471). Moreover, although the accuracy of complainant's identification was a key issue in the case, the trial court refused to make any reference to identification in its instructions to the jury despite a specific request to do so (see *People v Rodriguez,* 61 AD2d 914; *People v Gardner,* 59 AD2d 913; CPL 300.10, subd 2). Since the proof of defendant's guilt of the rape was based almost solely on the complainant's identification of defendant 11 months after the crime was committed, these cumulative errors cannot be deemed harmless (cf. *People v Crimmins,* 36

NY2d 230). We have examined the other points raised by defendant and find them to be without merit. Damiani, J. P., Gulotta, Cohalan and Margett, JJ., concur.