OPINION OF THE COURT
Gerald Sheindlin, J.
*942 On March 20, 1997, the defendant pleaded guilty to sexual abuse in the first degree. On June 18, 1997, he was sentenced to six months’ incarceration concurrent with five years’ probation and remanded to serve his sentence. After the defendant’s release from prison, the matter was referred to this court for a determination of the defendant’s risk level pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). The Board of Examiners of Sex Offenders has failed to provide this court with a recommendation as to the defendant’s risk level. In a case of first impression, the court is confronted with the question of the respective duties of the sentencing court and the Board of Examiners of Sex Offenders (hereinafter the Board) when a defendant is sentenced to a split sentence, a circumstance the statute fails to address.
CONCLUSIONS OF LAW
The Sex Offender Registration Act requires the sentencing court to determine a sex offender’s risk of committing another sexual offense upon being released back to the community. (Correction Law §§ 168-d, 168-n.) Thirty days prior to the discharge, parole or release of a sex offender, the sentencing court must certify the defendant as a sex offender and make a determination as to the risk level after receiving a recommendation from the Board. (Correction Law § 168-n [1], [2].) The Board’s recommendation is forwarded to the court "within sixty calendar days prior to the discharge, parole or release of a sex offender”. (Correction Law § 168-l [6].) The statute further requires that the Board receive relevant information pertaining to a sex offender who is to be discharged, paroled or released from "any state or local correctional facility, hospital or institution” no later than 120 days prior to the offender’s release or discharge. (Correction Law § 168-m [emphasis added].)
The statute clearly indicates that once an offender is confined in any manner, the Board must investigate his background and history and provide a recommendation to the sentencing court. The statute does not differentiate between incarceratory sentences served in State facilities or those served in local institutions. Even commitment to hospitals or other nonpenal institutions is included and requires them to provide information to the Board. (Correction Law § 168-m.)[1] Therefore, once the offender is sentenced to any period of incarceration, or *943 committed to any institution, the Board must make a recommendation to the sentencing court as to the offender’s risk level.
When the sentencing court makes a determination as to a sex offender’s risk level, the statute requires the court to assess: (1) the offender’s conduct while confined or under supervision; (2) whether he has accepted responsibility for his sexual misconduct; (3) whether he has refused or been expelled from treatment; and (4) whether his release environment is appropriate. (See, Risk Assessment Guidelines and Commentary [1996 ed].) The court cannot weigh the statutorily mandated factors without information about the offender’s incarceratory history. The statutory scheme requires that the Board investigate these matters and provide its conclusions to the sentencing court 60 days prior to the offender’s release. (Correction Law § 168-l [6].)
When an offender is released on probation or discharged upon payment of a fine, the statute places the responsibility of making the determination upon the court without any input from the Board. (Correction Law § 168-d.)[2] The court can assess all the delineated factors at the time of sentencing: (1) the plea and probation report will indicate whether the offender has accepted responsibility for his sexual misconduct; (2) there will be no future incarceration during which the offender may be offered treatment or could demonstrate an inability to adjust to incarceration;[3] and (3) the release environment will be known and can be assessed for its appropriateness. Therefore, in a nonincarceratory sentence, there is little need for the Board’s recommendation. This court recognizes that if a *944 sentence of incarceration is imposed in combination with a term of probation, it is considered a condition of that probation. (Penal Law § 60.01 [2] [d].) However, once an offender is actually sentenced to a period of incarceration, the Board is obligated to investigate the offender’s background and make its recommendation. For the foregoing reasons, a split sentence must be considered an incarceratory sentence for the purposes of the Sex Offender Registration Act, and the Board must submit its recommendation to the sentencing court.
Accordingly, it is ordered that the Board of Examiners of Sex Offenders prepare and submit its recommendation to the court pursuant to Correction Law § 168-Z on or before January 28, 1998. Pending receipt of the recommendation and conclusion of the hearing, the offender is not required to register and the community remains ignorant as to his risk level. However, this court will adjourn this matter until January 28, 1998 for the continued hearing.[4]

. Each of the aforementioned institutions must also inform the offender of his duty to register "within forty-five calendar days prior to discharge, pa *943 role or release”. (Correction Law § 168-e [1].) The court notes that the time frame set forth in the statute does not accommodate a defendant who pleads guilty after having served most of his sentence. For example, if a defendant has served nine months in jail and is sentenced to a year incarceration, his release date will arrive before the various 120, 60, 45, and 30-day statutory time periods. The court is mindful of the time problems that will result as a consequence of this opinion. However, the court is of the opinion that the time pressures do not excuse the Board or other institutions from complying with the clear mandate of the statute.

. While the court must make its determination for an offender released on probation or discharged upon payment of a fine, it must notify law enforcement of the conviction of sex offenders sentenced to probation, a conditional discharge or an unconditional discharge. (Compare, Correction Law § 168-d [2], with Correction Law § 168-c [2].)

. The statute appears to be unconcerned with the defendant’s prior incarceratory history once a probation sentence is imposed. There is no mechanism, other than an attorney’s own investigation, to provide the court with this information.

. The court notes that this is not the only situation that has not been sufficiently considered by the framers of the statute. (See, e.g., People v Griffin, 171 Misc 2d 145, 149 [Sup Ct, NY County 1996] [offender’s duty to register did not attach when the execution of judgment and sentence had been stayed and the defendant had been released on bail pending appeal because the offender "is neither nearing release from confinement nor commencing service of a nonincarceratory sentence”].) Sentencing courts have also struggled with the issue of aggregate sentences. (Compare, People v Roberson, 172 Misc 2d 486, 488 [Sup Ct, Erie County 1997] [statute does not apply to offender sentenced to a maximum prison term of 15 years in 1976; subsequent sentences in 1982 and 1987 did not extend the original incarceration and have no bearing on the crimes relevant to the statute], with People v Nieves, 172 Misc 2d 346, 348-349 [Sup Ct, Bronx County 1997] [sentence for 1989 sex crimes conviction was interrupted when offender declared delinquent pursuant to a 1993 weapons charge; since sentence in gun case was ordered to run consecutively to sex crimes sentence, the new aggregate minimum and maximum sentences resulted in the offender being subject to the statute because he was on parole for the sex crimes conviction when he was conditionally released in 1997].)