■ The People of the State of New York, Respondent, v Alberto Brooksvasquez, Appellant. [808 NYS2d 378]—

Appeal by the defendant from an order of the County Court, Suffolk County (Weber, J.), dated January 8, 2004, which, pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Suffolk County, for a risk level assessment hearing and a new determination, to be preceded by notice to the defendant in accordance with Correction Law § 168-n (3).

A sex offender facing risk level classification under the Sex Offender Registration Act (*see* Correction Law art 6-C) (hereinafter SORA) has a due process right to "be given notice of the classification proceeding, sufficiently in advance of the hearing to afford the affected individual an opportunity to prepare to challenge and rebut the state's contentions" (*Doe v Pataki*, 3 F Supp 2d 456, 471 [1998]; *see People v Brooks*, 308 AD2d 99, 103 [2003]). This notice must also contain a statement of the proceeding's purpose, and the risk level classification recommended by the Board of Examiners of Sex Offenders (hereinafter the Board) (*see Doe v Pataki, supra; People v Brooks, supra*). These due process rights are incorporated in Correction Law § 168-n (3), which requires, inter alia, that a defendant be notified of the risk level assessment hearing date, and be provided with a copy of the Board's recommendation and the statement of reasons for its recommendations at least 20 days before a SORA proceeding. Since these due process requirements were not satisfied in this case, we remit the matter to the County Court, Suffolk County, for a risk level assessment hearing and a new determination, to be preceded by notice to the defendant in accordance with Correction Law § 168-n (3). Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.