THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURCHELL BLACK, Appellant. [823 NYS2d 485]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated November 15, 2005, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new risk assessment hearing and a new determination, to be preceded by receipt of a recommendation from the Board of Examiners of Sex Offenders pursuant to Correction Law § 168-*l* upon notice to the defendant in accordance with Correction Law § 168-n (3).

The Sex Offender Registration Act (hereinafter SORA) (Correction Law art 6-C), provides a statutory scheme under which sex offenders are classified and must register with the Division of Criminal Justice Services. Pursuant to the statutory framework, the Board of Examiners of Sex Offenders (hereinafter the Board) makes a recommendation to the court at least 60 calendar days before the offender's discharge, parole, or release from incarceration regarding risk level classification (*see* Correction Law § 168-*l* [6]). For offenders sentenced to probation or otherwise discharged without incarceration, the District Attorney provides the court and the offender with a written statement setting forth the determinations sought by the District Attorney (*see* Correction Law § 168-d [3]). A sex offender facing a risk level classification has certain due process rights including (1) a judicial determination of his risk level classification, (2) notice of the risk level assessment proceeding sufficiently in advance of the hearing to prepare a challenge, (3) notice of the proceeding must include a statement of its purpose and the Board's recommended risk level classification, (4) representation by counsel, (5) prehearing discovery, (6) proof by the State

of the facts supporting each risk factor by clear and convincing evidence, and (7) a right to appeal (*see Doe v Pataki,* 3 F Supp 2d 456, 471-473 [1998]; *People v Brooks,* 308 AD2d 99, 103 [2003]; *see also People v David W.,* 95 NY2d 130 [2000]). These due process rights have been incorporated into Correction Law § 168-n (3).

Here, the Supreme Court made clear its intention to sentence the defendant to a term of one year of imprisonment. Pursuant to the SORA statutory scheme, the defendant should have been sentenced and a risk level determination not made until 30 days before his release from custody (*see* Correction Law § 168-n [2]). This determination would have been preceded by the Board's risk level recommendation (*id.*). Further, the defendant would have been notified of the opportunity to submit to the Board any information which he believed was relevant for its review (*see* Correction Law § 168-n [3]). In this case, none of this occurred. Rather, the Supreme Court conducted the risk level hearing before sentencing and with a risk level assessment instrument prepared by the District Attorney's office. This violated SORA and deprived the defendant of due process (*see People v Brooksvasquez,* 24 AD3d 644 [2005]; *People v Davila,* 299 AD2d 573 [2002]; *People v Brown,* 174 Misc 2d 941 [1997]). Contrary to the respondent's contention, the fact that the defendant did not explicitly object to this procedure at the hearing does not, on this record, indicate that he knowingly and intelligently waived these statutory and due process rights or otherwise failed to preserve the issue for appellate review (*see People v Davila, supra*). Additionally, while Correction Law § 168-*l* (8) provides that, notwithstanding the Board's failure to act, a court may still make a determination regarding a sex offender's risk level, this must be read as applying only where the Board had the opportunity to make a recommendation in the first instance. Here, the Board had no such opportunity since the risk level determination was erroneously made before the defendant was sentenced. As a result, the Supreme Court was without a statutorily-authorized basis for making a risk level determination.

The remaining contentions need not be reached in light of our determination. Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.