■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILLARY BEST, Appellant. [846 NYS2d 240]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Kohm, J.), dated January 31, 2005, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new hearing and determination.

Pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]) (hereinafter the *Pataki* stipulation) the defendant was afforded a hearing on his sex offender status, based upon a new risk assessment instrument (*see People v Grosfeld*, 35 AD3d 692 [2006]). Paragraph 10 of the *Pataki* stipulation provides, in pertinent part: "Applying the guidelines established under Correction Law § 168-l (5), the District Attorney will prepare a new Risk Assessment instrument . . . and provide[ ] copies to the court, [defendant] and [defendant's] counsel at least thirty days (30) before the hearing." The pro se defendant and the court did not receive the new risk assessment instrument until the day of the hearing, in violation of paragraph 10 of the *Pataki* stipulation. The defendant objected to this procedure, stating that he was "not prepared to be able to put in a response."

The defendant asserted, inter alia, that he had no documentation for his prior New Jersey conviction and believed "there was an appeal and modification" of that judgment of conviction. Based upon the New Jersey conviction, he was assessed a total of 40 points for committing a violent felony less than three years prior to the sex offense committed in New York. It is unclear from this record whether the New Jersey crime occurred before February 18, 1976, when the sex offense was committed (*see People v Best*, 73 AD2d 651 [1979]). Therefore, it cannot be determined whether the defendant was properly assessed points for his "criminal history" prior to the sex offense based upon the New Jersey conviction (*see* Sex Offender Registration Act, Risk Assessment Guidelines and Commentary,

p 14 [2006]; *see generally People v Villane,* 17 AD3d 336, 337 [2005]).

Under the circumstances of this case, the violation of the *Pataki* stipulation cannot be deemed harmless. Accordingly, we reverse the order appealed from, and remit the matter to the Supreme Court, Queens County, for a new hearing and determination.

The defendant's remaining contention need not be addressed in light of our determination. Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.