THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE MIDDLETON, Appellant. [857 NYS2d 617]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated December 5, 2006, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Upon the defendant's appeal from a prior risk assessment determination, this Court remitted the matter to the Supreme Court, Kings County, for a new hearing and determination (*see*

*People v Middleton*, 33 AD3d 777 [2006]). The prior determination was reversed because "possibly three different risk assessment instruments were proffered to the Supreme Court," and it was not possible to determine which of the three instruments had been relied upon by the court, and which factors it had considered, in reaching its determination as to the risk level to be assigned to the defendant.

Contrary to the defendant's contention, the direction in the remittal order for a new hearing, that the record should clearly indicate which risk assessment instrument the court was relying on and which factors it considered in making its determination, did not limit the court to a consideration of one of the three instruments that had been proffered at the earlier hearing. The Supreme Court properly considered the new risk assessment instrument that was prepared by the People for the new hearing.

We agree with the determination that the defendant is a level three sex offender, but our analysis of the evidence is somewhat different from that employed by the Supreme Court. Upon our independent review of the record (*see People v Forney*, 28 AD3d 446 [2006]), we find clear and convincing evidence that the defendant sexually victimized a 16-year-old when he subjected her to sexual contact, for which he pleaded guilty to attempted rape in the first degree, and sexually victimized her 5-year-old sister when he subjected the younger child to unlawful restraint (*see* Penal Law § 135.05; Correction Law § 168-a [1]). The defendant is properly assessed 20 points for the number of victims (risk factor 3) and 30 points for the age of the younger victim (risk factor 5). The People also presented clear and convincing evidence of sexual contact under the clothing of the 16-year-old, whom he forced to undress (risk factor 2), and of the defendant's failure to accept responsibility (risk factor 12), for which another 20 points is properly assessed.

The 70 points properly scored for those factors, which the defendant contested at the hearing, together with the 55 points scored for other factors, which the defendant did not contest, and which also were established by clear and convincing evidence, gives the defendant a presumptive score of 125. Therefore, the defendant was properly determined to be a level three sex offender. Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.