■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. HOFFMAN, Appellant. [880 NYS2d 122]—

Appeal by the defendant from an order of the Supreme Court, Dutchess County (Sproat, J.), dated April 21, 2006, which, after a hearing to redetermine his sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was designated a level three sex offender pursuant to Correction Law article 6-C after a hearing. We affirm the designation but for reasons other than those set forth by the hearing court (*see People v Ashby,* 56 AD3d 633 [2008]).

The court improperly assessed the defendant points for number of victims, as it included victims not associated with the current offense, and duration of offense conduct with victim, as the People did not offer proof of more than one incident (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]). Further, points should not have been assessed for prior crimes, as the conviction in 1986 was a subsequent crime (*see People v Best,* 45 AD3d 657 [2007]).

However, the court should have granted the People's application for an override to a level three sex offender. The defendant was diagnosed with pedophilia, and, accordingly, an override to a level three designation was warranted (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4 [2006]; *People v McCollum,* 41 AD3d 1187 [2007]).

Accordingly, the order should be affirmed. Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.