Order, Supreme Court, New York County (Gregory Carro, J), entered on or about February 9, 2005, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
As the People concede, certain points were incorrectly assessed, and defendant’s presumptive risk level should thus be level two. Nevertheless, the record supports the conclusion that *593 an upward departure to level three is warranted. The hearing court denied, as unnecessary, the People’s request for an upward departure. Accordingly, we are authorized, on this civil appeal, to affirm on this alternative basis (see CPLR 5501 [a] [1]; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-546 [1983]; see also People v Hoffman, 62 AD3d 976 [2009]; People v Middleton, 50 AD3d 1114 [2008], affd 12 NY3d 737 [2009]), and the record is sufficient for this Court to make its own findings of fact and conclusions of law on this issue (see People v Ashby, 56 AD3d 633 [2008]).
Clear and convincing evidence established aggravating factors that were not otherwise adequately taken into account by the risk assessment guidelines. Defendant’s background includes a pattern of very serious criminal activity displaying a strong likelihood of sex-related recidivism (see e.g. People v Balic, 52 AD3d 201 [2008], affd 12 NY3d 563 [2009]). Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ.