■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL J. D'ADAMO, Appellant. [888 NYS2d 310]—

Garry, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered June 18, 2008, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to attempted rape in the first degree

and rape in the second degree, stemming from his commission of various sexual acts against an 11-year-old girl. That plea was in satisfaction of a 12-count indictment charging him with rape in the first degree, rape in the second degree, two counts of sodomy in the first degree, two counts of sodomy in the second degree, three counts of sexual abuse in the first degree and three counts of sexual abuse in the second degree. Defendant's plea also encompassed any potential charges brought against defendant by the victim's sister.

Prior to defendant's release from prison, the Board of Examiners of Sex Offenders presumptively classified him as a risk level two sex offender (75 points) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C), but recommended an upward departure to risk level three. County Court initially assessed defendant an additional 20 points for the number of victims, relying on the inclusion in the plea agreement of a potential second victim, as well as the impact statement of the victim's mother and statements attributed to a state police investigator in the presentence investigation report and the case summary, all of which alluded to defendant sexually abusing the victim's sister as well. This assessment raised defendant's overall score to 95 points, which is still within the risk level two range. County Court then agreed with the Board's recommendation for an upward departure and classified defendant as a risk level three sex offender, prompting this appeal.

"To justify an upward departure from a presumptive risk classification, an aggravating factor must exist which was not otherwise adequately taken into consideration by the risk assessment guidelines, and the court's finding of such a factor must be supported by clear and convincing evidence" (People v Brown, 45 AD3d 1123, 1124 [2007], lv denied 10 NY3d 703 [2008] [citations omitted]; accord People v Roberts, 54 AD3d 1106, 1107 [2008], lv denied 11 NY3d 713 [2008]), which may be in the form of reliable hearsay (see People v Thornton, 34 AD3d 1026, 1027 [2006], lv denied 8 NY3d 806 [2007]). In departing from a risk level two to a level three classification, County Court concluded that the risk assessment instrument did not adequately consider certain factors regarding evidence contained in the plea allocution, presentence investigation report and the case summary, including that defendant had similarly sexually abused the victim's sister (see People v Garrison, 38 AD3d 1099, 1100 [2007]) and evidence of defendant's sexual obsession with prepubescent girls to the point of having the mother of the victim alter her physical appearance to replicate that of a prepuberal girl (see People v Lesch, 38 AD3d

1129, 1130 [2007], *lv denied* 8 NY3d 816 [2007]). As evidence in presentence investigation reports and case summaries may be considered, as reliable hearsay, in determining a defendant's risk assessment level (*see People v Mingo*, 12 NY3d 563, 573 [2009]; *People v Stewart*, 61 AD3d 1059, 1060 [2009]), we find, under these circumstances, that an upward departure was supported by the requisite clear and convincing evidence.

Cardona, P.J., Peters, Kane and Stein, JJ., concur. Ordered that the order is affirmed, without costs.