■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID NEWMAN, Appellant. [899 NYS2d 144]—

Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about October 30, 2008, which, upon reargument of a prior order, same court and Justice, entered on or about August 5, 2008, adjudicating defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), modified the prior order only to the extent of reducing defendant's presumptive risk level to level two, but departing upward to level three, unanimously affirmed, without costs. Appeal from the order of August 5, 2008 unanimously dismissed, without costs, as superseded by the appeal from the order of October 30, 2008.

Regardless of whether defendant's correct point score would make him a presumptive risk level one or two offender, a discretionary upward departure to level three is warranted by aggravating factors. The risk assessment instrument did not adequately account for the seriousness of defendant's criminal record, which consisted of a lengthy pattern of sexual offenses against children, demonstrating a very high risk of reoffending (*see e.g. People v Sullivan*, 46 AD3d 285 [2007], *lv denied* 10 NY3d 704 [2008]).

We also reject defendant's arguments concerning certain point assessments made by the court in determining that he is a presumptive level two offender (*see* Correction Law § 168-n [3]; *People v Mingo*, 12 NY3d 563 [2009]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Acosta and Renwick, JJ.