■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS DUART, Appellant. [923 NYS2d 149]—

Appeal by the defendant from an order of the Supreme Court, Suffolk County (Kahn, J.), dated April 17, 2009, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court initially determined that the defendant was a level two sex offender, assessing 90 points for factors that included a history of drug abuse, the relationship between the defendant and the victim, and the number of victims. The Supreme Court then upwardly departed from the risk assessment to designate the defendant a level three sex offender, finding that there were aggravating factors of a kind or to a degree not otherwise taken into account by the guidelines. We affirm the order which designated him a level three sex offender, but for reasons other than those set forth by the Supreme Court (see People v Hoffman, 62 AD3d 976 [2009]; People v Ashby, 56 AD3d 633 [2008]).

Contrary to the defendant's contention, clear and convincing evidence supports the Supreme Court's determination to assess him 15 points for a history of drug abuse (see People v Murphy, 68 AD3d 832, 832-833 [2009]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]).

The defendant's contention that he was improperly assessed

20 points because he was not a stranger to the complainant is unpreserved for appellate review (*see People v Kyle*, 64 AD3d 1177 [2009]; *People v Kelly*, 46 AD3d 790, 790-791 [2007]; *People v Angelo*, 3 AD3d 482 [2004]). In any event, 20 points were properly assessed under this factor, as the relationship between the defendant and the complainant was promoted for the primary purpose of victimization (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]). The defendant met the 15-year-old complainant by way of the Internet, and, after learning her age, engaged in sexually explicit conversations with her and persuaded her to send him nude photographs of herself (*see People v Tejada*, 51 AD3d 472 [2008]; *cf. People v Helmer*, 65 AD3d 68 [2009]).

However, the Supreme Court erred in assessing 20 points under the "number of victims" factor. There was only one victim in the case that ultimately resulted in the instant conviction (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]). While the People offered evidence that the defendant had victimized other underage girls under similar circumstances, those victims were "not associated with the current offense" (*People v Hoffman*, 62 AD3d at 976; *cf. People v Milton*, 55 AD3d 1073 [2008]; *People v Middleton*, 50 AD3d 1114 [2008], *affd* 12 NY3d 737 [2009]). Thus, deducting those points, the defendant accumulated 70 points, placing him, presumptively, at level one.

There exists clear and convincing evidence of aggravating factors of a kind or to a degree not otherwise taken into account by the guidelines that warrant an upward departure (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *People v Inghilleri*, 21 AD3d 404, 405-406 [2005]). The defendant threatened to release the nude photographs he obtained from the complainant to her parents and friends when she refused to send him additional photographs or engage in sexually explicit conversations with him and her girlfriend. In addition, the defendant obtained nude photographs of at least two other underage girls and, as threatened, he sent photographs of one of these girls to schools officials. In light of these circumstances, an upward departure from level one to level three is warranted (*see People v Smith*, 78 AD3d 805, 806 [2010], *lv denied* 16 NY3d 704 [2011]; *People v Newman*, 71 AD3d 488 [2010]; *People v Fiol*, 49 AD3d 834, 834-835 [2008]).

Accordingly, the defendant was properly designated a level three sex offender. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.