■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR GAME, Appellant. [973 NYS2d 701]—

Appeal by the defendant from so much of an order of the Supreme Court, Queens County (Mullings, J.), dated August 17, 2009, as, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new risk assessment hearing and a new risk level determination, to be preceded by receipt of a recommendation from the Board of Examiners of Sex Offenders pursuant to Correction Law § 168-l upon notice to the defendant in accordance with Correction Law § 168-n.

The Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) provides a statutory scheme under which sex offenders are classified and must register with the Division of Criminal Justice Services. The SORA statutory scheme sets out separate procedures for judicial determination of a sex offender's risk level depending on the nature of the offender's sentence (*see People v Grimm*, 107 AD3d 1040, 1042 [2013], *lv denied* 21 NY3d 1042 [2013]). When the offender is incarcerated, the court makes the determination after receiving a rec-

ommendation from the Board of Examiners of Sex Offenders (hereinafter the Board) (*see* Correction Law § 168-n [1]). Such determination "shall be made [30] calendar days prior to discharge, parole or release" (Correction Law § 168-n [2]; *see* Correction Law § 168-l [6]; *People v Grimm*, 107 AD3d at 1042). When an offender is sentenced to probation or otherwise discharged without incarceration, the court makes the risk level determination following the District Attorney's submission of a statement setting forth the risk level sought by the People (*see* Correction Law § 168-d [3]; *People v Grimm*, 107 AD3d at 1042; *People v Black*, 33 AD3d 981, 981 [2006]; *People v Sgroi*, 22 Misc 3d 902, 904 [County Ct, Madison County 2008]).

In this case, the Supreme Court sentenced the defendant to a nine-month term of incarceration without any probation supervision. The court conducted the risk assessment hearing and made its risk level determination immediately after sentencing, using a risk level assessment instrument prepared by the District Attorney's office. This violated SORA and deprived the defendant of his right to due process (*see People v Black*, 33 AD3d at 982; *People v Brooksvasquez*, 24 AD3d 644 [2005]; *cf. People v Sgroi*, 22 Misc 3d 902 [2008]; *People v Brown*, 174 Misc 2d 941 [Sup Ct, Bronx County 1997]). Pursuant to the SORA statutory scheme, a risk level determination should not have been made until 30 days before his release from custody (*see* Correction Law § 168-n [2]; *People v Black*, 33 AD3d at 982). The court's determination should have been preceded by the Board's risk level recommendation, and the defendant should have been notified of the opportunity to submit to the Board any information that he believed was relevant for its review (*see* Correction Law § 168-n [2], [3]). Under the circumstances presented here, the fact that the defendant did not explicitly object to this procedure does not indicate that he knowingly and intelligently waived these statutory and due process rights or failed to preserve the issue for appellate review (*see People v Black*, 33 AD3d at 982; *cf. People v Charache*, 9 NY3d 829 [2007]). Moreover, while Correction Law § 168-l (8) provides that, notwithstanding the Board's failure to act, a court may still make a determination regarding a sex offender's risk level, "this must be read as applying only where the Board had the opportunity to make a recommendation in the first instance" (*People v Black*, 33 AD3d at 982). Here, the Board had no such opportunity, since the risk level determination was erroneously made immediately after the defendant was sentenced. As a result, "the Supreme Court was without a statutorily-authorized basis for making a risk level determination" (*id.* at 982; *cf. People v Grimm*, 107 AD3d 1040 [2013]).

Accordingly, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Queens County, for a new risk assessment hearing and a new risk level determination, to be preceded by receipt of a recommendation from the Board of Examiners of Sex Offenders pursuant to Correction Law § 168-l upon notice to the defendant in accordance with Correction Law § 168-n.

The defendant's remaining contention need not be addressed in light of our determination. Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.