■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON A. MENJIVAR, Appellant. [993 NYS2d 166]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Buchter, J.), dated May 16, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.

The defendant was convicted, upon his plea of guilty, of criminal sexual act in the second degree (*see* Penal Law § 130.45 [1]), based upon his act of engaging in oral sexual conduct with

his 14-year-old niece. The District Attorney prepared a risk assessment instrument assessing the defendant points to determine his presumptive risk level as a sex offender (*see People v Game*, 110 AD3d 861 [2013]). The risk assessment instrument assessed the defendant 85 points, which included 20 points that were assessed based on a finding that there were two victims, the defendant's 14-year-old niece and his two-year-old child who was present at the time the defendant engaged in the sexual conduct with his niece.

The People must submit clear and convincing evidence in support of the assessment of points (*see People v Madison*, 98 AD3d 573 [2012]). Further, any ground for an upward departure from the presumptive risk level must be established by clear and convincing evidence (*see People v Wyatt*, 89 AD3d 112, 123 [2011]).

The number of victims focuses upon the number of victims underlying the instant conviction (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; *People v Grimm*, 107 AD3d 1040, 1044 [2013]; *People v Duart*, 84 AD3d 908 [2011]). The victims must be associated with the current offense (*see People v Hoffman*, 62 AD3d 976, 976 [2009]). However, the court is not limited to consideration of the charges to which the defendant pleaded guilty (*see People v Robertson*, 101 AD3d 1671 [2012]; *People v Madera*, 100 AD3d 1111, 1112 [2012]; *People v Gardiner*, 92 AD3d 1228, 1229 [2012]; *People v D'Adamo*, 67 AD3d 1132, 1133 [2009]; *People v Thomas*, 59 AD3d 783, 784 [2009]).

In the instant case, there was no evidence that the two-year old child was the victim of any sexual misconduct, or that she witnessed or was aware of the sexual conduct between the defendant and his niece. Therefore, the People failed to submit clear and convincing evidence in support of the finding that there were two victims, and the Supreme Court should not have assessed the additional 20 points based on that finding (*see People v Madison*, 98 AD3d 573 [2012]).

Without those 20 points, the defendant was assessed 65 points, rendering him presumptively a level one sex offender. The People did not submit evidence in support of an upward departure, although they requested one, and the Supreme Court ruled that it would not grant an upward departure. In view of the foregoing, the defendant's sex offender designation must be reduced from level two to level one. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.