■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v RAYMOND HERNAIZ, Appellant. [5 NYS3d 293]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Harrington, J.), dated March 12, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new risk assessment hearing and a new risk level determination, to be preceded by receipt of a recommendation from the Board of Examiners of Sex Offenders pursuant to Correction Law § 168-l upon notice to the defendant in accordance with Correction Law § 168-n.

The statutory scheme of the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) sets out separate procedures for judicial determination of a sex offender's risk level depending on the nature of the offender's sentence (*see People v Game*, 110 AD3d 861 [2013]; *People v Grimm*, 107 AD3d 1040 [2013]). When an offender is sentenced to probation or otherwise discharged without incarceration, the court makes the risk level determination following the District Attorney's submission of a statement setting forth the risk level sought by the People (*see* Correction Law § 168-d [3]; *People v Game*, 110 AD3d 861 [2013]; *People v Grimm*, 107 AD3d at 1042; *People v Black*, 33 AD3d 981 [2006]). When the offender is incarcerated, the court makes the determination after receiving a recommendation from the Board of Examiners of Sex Offenders (hereinafter the Board) (*see* Correction Law § 168-n [1]). Such determination "shall be made [30] calendar days prior to discharge,

parole or release" (Correction Law § 168-n [2]; *see* Correction Law § 168-l [6]; *People v Game*, 110 AD3d 861 [2013]; *People v Grimm*, 107 AD3d at 1042).

In this case, the Supreme Court sentenced the defendant to two one-year terms of incarceration, without any probation supervision. The court conducted the risk assessment hearing immediately before imposing sentence and made its risk level determination immediately after imposing sentence, and did so using a risk level assessment instrument prepared by the District Attorney's office. This procedure violated SORA and deprived the defendant of his right to due process (*see People v Game*, 110 AD3d at 862; *People v Black*, 33 AD3d at 982). Pursuant to the SORA statutory scheme, a risk level determination should not have been made until 30 days before the defendant's release from custody (*see* Correction Law § 168-n [2]; *People v Game*, 110 AD3d at 862; *People v Black*, 33 AD3d at 982). The court's determination should have been preceded by the Board's risk level recommendation, and the defendant should have been notified of the opportunity to submit to the Board any information that he believed was relevant for its review (*see* Correction Law § 168-n [2], [3]).

Even assuming, as the People contend, that the Court of Appeals' decision in *People v Charache* (9 NY3d 829 [2007]) required that the defendant explicitly object to the procedure by which the Supreme Court made its risk level determination in order to preserve his claim for appellate review, we reach it in the interest of justice in light of the substantial infringement upon the defendant's due process and statutory rights. Notably, while Correction Law § 168-l (8) provides that, notwithstanding the Board's failure to act, a court may still make a determination regarding a sex offender's risk level, " 'this must be read as applying only where the Board had the opportunity to make a recommendation in the first instance' " (*People v Game*, 110 AD3d at 862, quoting *People v Black*, 33 AD3d at 982). Here, the Board had no such opportunity, since the risk level determination was erroneously made immediately after sentencing. As a result, " 'the Supreme Court was without a statutorily-authorized basis for making a risk level determination' " (*People v Game*, 110 AD3d at 862, quoting *People v Black*, 33 AD3d at 982; *cf. People v Grimm*, 107 AD3d 1040 [2013]).

Accordingly, we reverse the order designating the defendant a level three sex offender, and remit the matter to the Supreme Court, Queens County, for a new risk assessment hearing and a new risk level determination, to be preceded by receipt of a

recommendation from the Board pursuant to Correction Law § 168-l upon notice to the defendant in accordance with Correction Law § 168-n.

The defendant's remaining contentions need not be addressed in light of our determination. Eng, P.J., Austin, Cohen and Barros, JJ., concur.