■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v JEAN JEAN-BART, Appellant. [41 NYS3d 906]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Delligatti, J.), dated December 10, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Under the circumstances presented, where the defendant had already been released from prison before he became classified as a "sex offender" as a result of his conviction (Correction Law § 168-a [1]), the Supreme Court did not err in determining the defendant's risk level, for purposes of the Sex Offender Registration Act, based on a risk assessment instrument prepared by the District Attorney's office instead of the Board of Examiners of Sex Offenders (see Correction Law §§ 168-d [3]; 168-l [8]; compare People v Grimm, 107 AD3d 1040 [2013], with People v Hernaiz, 126 AD3d 771 [2015], People v Grabowski, 126 AD3d 769 [2015], People v Game, 110 AD3d 861 [2013], and People v Black, 33 AD3d 981 [2006]).

Contrary to the defendant's contention, the Supreme Court properly assessed him 20 points under risk factor 5 because the victim was between 11 and 16 years old (see People v Caban, 61 AD3d 834 [2009]), 10 points under risk factor 12 because the defendant did not genuinely accept responsibility for the acts underlying his conviction (see People v Velez, 100 AD3d 847 [2012]), 15 points under risk factor 14 because defendant was released without any parole, probation, or supervision (see People v Radage, 98 AD3d 1194 [2012]), and 10 points under risk factor 15 because of the defendant's history of homelessness and uncertainty with respect to his future living arrangements (see People v Alemany, 13 NY3d 424 [2009]).

The defendant's remaining contention is without merit. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.