People v Ramos (2020 NY Slip Op 00315)





People v Ramos


2020 NY Slip Op 00315


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-13926

[*1]People of State of New York, respondent,
v
Francisco C. Ramos, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elena L. Tomaro and Thomas Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated October 24, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of sodomy in the first degree and sex abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (See Correction Law art 6-C; hereinafter SORA), the defendant was designated a level three sex offender based upon the assessment of a total of 170 points. On appeal, the defendant challenges the assessment of points under risk factors 9, 12, 13, and 14, and argues that the County Court should have granted his request for a downward departure.
We agree with the County Court's assessment of points under risk factors 9, 12, 13, and 14. The court properly assessed the defendant 30 points under risk factor 9, as the People established, by clear and convicting evidence, that the defendant was previously convicted of a sex offense (see People v King, 74 AD3d 1162, 1163); 15 points under risk factor 12, as the People established, by clear and convicting evidence, that the defendant failed to accept responsibility for his actions (see People v Diaz, 169 AD3d 727, 727; People v Kearns, 68 AD3d 1713, 1714); 20 points under risk factor 13, as the People established, by clear and convincing evidence, that the defendant's conduct while incarcerated was unsatisfactory, and included sexual misconduct (see People v Marquez, 165 AD3d 986, 987); and 15 points under risk factor 14 because the defendant was released without any parole, probation, or supervision (see People v Jean-Bart, 145 AD3d 690, 691).
We also agree with the County Court's denial of the defendant's request for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA Risk Assessment] Guidelines; and (2) establishing the facts in support of its existence by a preponderance [*2]of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Although advanced age can constitute a basis for a downward departure (see SORA: Risk Assessment Guidelines and Commentary at 5 [2006]), the defendant failed to establish by a preponderance of the evidence that his age at the time of the SORA determination, 53 years old, "resulted in the over-assessment of his risk to public safety" (People v Rocano-Quintuna, 149 AD3d 1114, 1115 [internal quotation marks omitted]).
Accordingly, we agree with the County Court's determination designating the defendant a level three sex offender.
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court