People v Guillen-Beltre (2024 NY Slip Op 04927)

People v Guillen-Beltre

2024 NY Slip Op 04927

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Ind. No. 0384/15 Appeal No. 2749 Case No. 2022-03448 

[*1]The People of the State of New York, Respondent,
v
Jean Guillen-Beltre, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Alexandra Ricks of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Amir H. Khedmati of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about July 21, 2022, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant raped his live-in girlfriend's daughter hundreds of times during her pre-teen and early teenage years, impregnating the victim when she was thirteen and fifteen years old. The record supports the court's discretionary upward departure to designate defendant a level three offender, regardless of whether the court's initial point assessment should have designated defendant a presumptive level one, as opposed to level two, offender(see People v Newman, 71 AD3d 488, 488 [1st Dept 2010] [finding that, where the defendant had a lengthy pattern of sexual assault against children, "[r]egardless of whether defendant's correct point score would make him a presumptive risk level one or two offender, a discretionary upward departure to level three is warranted by aggravating factors"]).
The People proved by clear and convincing evidence that the risk assessment instrument did not adequately account for defendant's uniquely insidious, remorseless, and devastating years-long course of conduct toward the victim, during which he raped her nightly and forced her to conceal the rapes and her pregnancies (see People v Davis, 178 AD3d 635, 636 [1st Dept 2019] [in affirming upward departure to level three, finding that "the court did not consider the egregiousness of defendant's conduct as a matter of 'moral outrage,' but for its bearing on defendant's likelihood of reoffense and the potential harm in the event of reoffense"], lv denied 35 NY3d 908 [2020]; see also People v Harrell, 168 AD3d 890, 890 [2d Dept 2019] [affirming upward departure from level one to level three based on the defendant's conduct of sexually assaulting victim and holding her down so that accomplices could do the same], lv denied 33 NY3d 904 [2019]). The People sufficiently showed that defendant's relentless campaign of sexual assault, in tandem with a myriad of additional indiscretions that evidenced defendant's contempt for the law and capacity to inflict harm, established defendant's higher likelihood of sexual recidivism or danger to the community than considered by the risk assessment instrument (see People v Gillotti, 23 NY3d 841, 861 [2014]).
We further hold that, if we were to find that the court should have designated defendant a presumptive level one offender, our precedent in People v Weber (40 NY3d 206 [2023]) and People v Reynoso (224 AD3d 416 [1st Dept 2024]) does not require remand for the SORA court to rule on the application for an upward departure. Unlike those cases, where the defendants were determined to be presumptive level three offenders and no upward departure application were therefore made, here the court already ruled that defendant's conduct warranted an upward departure to level three[*2]. We will not infringe upon the court's discretion in this instance. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024