People v Wilkinson (2025 NY Slip Op 06631)

People v Wilkinson

2025 NY Slip Op 06631

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2021-08987

[*1]The People of the State of New York, respondent,
v
Andrew Wilkinson, appellant. 

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Alexander Vidal of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated November 15, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 145 points on the risk assessment instrument, rendering him a risk level three offender, and denied his request for a downward departure from his presumptive risk level. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly assessed 10 points under risk factor 1 and 20 points under risk factor 3. The People proved by clear and convincing evidence that the defendant used forcible compulsion in the commission of an underlying offense and that there were two victims (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Gorostiza, 210 AD3d 1118, 1119; People v Strong, 196 AD3d 707; People v Middleton, 50 AD3d 1114, 1115, affd 12 NY3d 737; cf. People v Menjivar, 121 AD3d 660, 661; People v Duart, 84 AD3d 908, 909).
The Supreme Court also properly assessed the defendant 10 points under risk factor 12. The People presented clear and convincing evidence of the defendant's removal from sex offender treatment for poor participation and progress, failure to complete treatment while incarcerated, and lack of genuine acceptance of full responsibility (see Guidelines at 15-16; People v Kornegay, 235 AD3d 787, 787-788; People v James, 99 AD3d 775, 775-776).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid [*2]an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish his entitlement to a downward departure. The defendant's reentry plans and the support of his family were adequately taken into account by the Guidelines (see People v Taylor, 199 AD3d 845, 846; People v Roelofsen, 195 AD3d 962, 963; People v Felton, 175 AD3d at 735; cf. People v Tineo-Morales, 101 AD3d 839, 840). Further, the defendant failed to demonstrate, by a preponderance of the evidence, the existence of any other mitigating factors that would warrant a departure from his presumptive risk level (see People v Dockery, 233 AD3d 808, 810, lv granted 43 NY3d 907; People v Collins, 188 AD3d 1107, 1108; cf. People v Carter, 138 AD3d 706, 707).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court