■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RODRIGUEZ, Appellant. [44 NYS3d 16]—

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about November 4, 2014, which adjudicated defendant a risk level two sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.

In determining whether a departure from the presumptive risk reoffense level determined by the Board of Examiners of Sex Offenders (the Board) is warranted, the court must follow a three step process. First, it must determine "whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (*People v Gillotti*, 23 NY3d 841, 861 [2014]). Second, "the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (*id.*). Finally, if defendant has made these showings, "the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (*id.*).

Here, although the SORA court should have made a better record, we see no reason to alter the court's determination and we therefore uphold the level two adjudication.

Defendant argues that he should be assessed no more than five points under factor 9 (prior crimes) for his 1977 felony conviction for attempted criminal possession of a weapon in the third degree (Penal Law § 70.02 [1] [d]) because it occurred 14 years prior to his sex offense conviction. However, it cannot

be said that the timing of a prior nonviolent felony conviction is not adequately taken into account by the guidelines, since factor 10 provides for an additional 10 points where it was committed within three years of the sexual offense, and defendant was not assessed any points under factor 10.

Defendant's age is taken into account by the SORA guidelines to the extent that his age at the time of his first sex offense is accounted for in factor 8. Defendant was not assessed any points because he was over 20 when he committed his first sex offense. Moreover, defendant failed to adduce sufficient evidence to meet his burden of proof to establish that his age makes him less likely to reoffend. While defendant cites to several research studies indicating that advanced age may correlate with decreased recidivism rates, he did not present any expert testimony or other evidence at the hearing that might have allowed the SORA court to make a finding that defendant is less likely to reoffend based on his age.

This Court has previously found that a low score on the Static-99 test, which defendant here received, is not by itself sufficient for a downward departure because, unlike the SORA Risk Assessment Instrument, the Static-99 does not take into account the nature of the sexual contact with the victim or the potential harm that could be caused in the event of reoffense (*People v Roldan*, 140 AD3d 411, 412 [1st Dept 2016], *lv denied* 28 NY3d 904 [2016]). Here, defendant's offense involved sexual contact with a 12 year old. Accordingly, while defendant's risk of reoffense may be low, the potential for harm in the event of reoffense is high.

Defendant failed to present any expert testimony or other evidence that would have permitted the SORA court to find that his social network decreases the likelihood that he will reoffend.

Finally, defendant's ex post facto argument relating to the more favorable sex offender conditions imposed on him in the state where he committed the underlying offense is without merit (*see People v Gravino*, 14 NY3d 546, 556-558 [2010]; *People v Parilla*, 109 AD3d 20, 29 [1st Dept 2013], *lv denied* 21 NY3d 865 [2013]; *see also People v McGarghan*, 83 AD3d 422 [1st Dept 2011]). Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.