# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

335

KA 15-01448

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

JAMAL ASFOUR, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered July 2, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). We reject defendant's contention that he should not have been assessed 30 points under risk factor 5, age of victim, because the People did not establish the victim's age as being less than 11 years of age by clear and convincing evidence. Defendant pleaded guilty to course of sexual conduct against a child in the first degree under Penal Law § 130.75 (1) (a), a necessary element of which is that the victim be a child less than 11 years old. Because "[f]acts previously . . . elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" for purposes of a SORA determination (Correction Law § 168-n [3]), Supreme Court properly assessed 30 points under risk factor 5 (*see People v Benitez*, 140 AD3d 1140, 1141, *lv denied* 28 NY3d 908; *see generally People v Law*, 94 AD3d 1561, 1562, *lv denied* 19 NY3d 809).

We agree with defendant, however, that the People failed to establish by the requisite clear and convincing evidence that he should be assessed 20 points under risk factor 13 based upon his conduct while under supervision. Although the People established at the SORA hearing that defendant committed the instant offense while under supervision for a prior conviction of criminal sexual act in the first degree, risk factor 13 is concerned with a sex offender's

post-offense behavior while supervised (*see People v Neuer*, 86 AD3d 926, 927, *lv denied* 17 NY3d 716; *see generally People v Warren*, 42 AD3d 593, 594-595, *lv denied* 9 NY3d 810).  Because there is no indication that defendant engaged in any inappropriate behavior while supervised for the present offense, we conclude that the court erred in assessing the 20 points under risk factor 13 (*see Neuer*, 86 AD3d at 927).  Nonetheless, defendant remains a level three risk, even subtracting those 20 points from the total of 145 points assessed by the court.

We reject defendant's further contention that the court abused its discretion in denying his request for a downward departure from the presumptive risk level.  "A departure from the presumptive risk level is warranted if there is 'an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines' " (*People v Smith*, 122 AD3d 1325, 1325, quoting Sex Offender Registration Act:  Risk Assessment Guidelines and Commentary at 4 [2006] [guidelines]; *see People v Carlberg*, 145 AD3d 1646, 1646-1647).  Contrary to defendant's contention, his young age at the time of his first sex offense is already taken into account by the guidelines, as an *aggravating* factor under factor 8 (*see People v Rodriguez*, 145 AD3d 489, 490, *lv denied* 28 NY3d 916).  Additionally, defendant failed to submit any evidence that his alleged low IQ was a factor that reduced his risk of reoffending (*see generally People v Grady*, 81 AD3d 1464, 1465).

Entered:  March 24, 2017                          Frances E. Cafarell
                                                  Clerk of the Court