Appeal by the defendant from an order of the Supreme Court, Kings County (Mangano, Jr., J.), dated June 12, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 At a hearing conducted pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) to determine the defendant’s SORA risk level designation, the defendant challenged the assessment of 15 points against him under risk factor 12 for failure to accept responsibility/refusal of treatment. In the alternative, the defendant requested a downward departure from his presumptive designation as a level three sex offender.
 

 “In establishing a defendant’s risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence” (People v Crandall, 90 AD3d 628, 629 [2011]; see Correction Law § 168-n [3]; People v Guichardo, 146 AD3d 910, 910 [2017]). “In assessing points, evidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay” (People v Crandall, 90 AD3d at 629).
 

 Here, contrary to the defendant’s contention, the Supreme Court properly determined that the assessment of 15 points under risk factor 12 for failure to accept responsibility/refusal of treatment was supported by clear and convincing evidence. Among other things, the defendant did not dispute that he had refused to participate in sex offender treatment and counseling, as indicated in a memorandum from the Department of Corrections and Community Supervision and in the case summary prepared by the Board. The court properly rejected the defendant’s contentions that he should not have been assessed 15 points for his refusal of treatment because he placed himself on a waiting list for a treatment program when his release was imminent, and because he allegedly participated in a sex offender treatment program for which he failed to provide any proof. Accordingly, the court properly assessed the defendant 115 total points, rendering him a presumptive level three sex offender.
 

 The defendant’s contention that a downward departure is warranted because he is less likely to re-offend due to his age of 60 years upon release is unpreserved for appellate review, since the defendant did not raise this ground at the SORA hearing (see People v Fryer, 101 AD3d 835, 835 [2012]). In any event, the published works and studies cited in support of the defendant’s position that offenders who are 60 years old have a reduced rate of recidivism were not submitted at the hearing and are dehors the record (see People v Fitzpatrick, 120 AD3d 565 [2014]).
 

 The defendant’s contentions that a downward departure is warranted because he allegedly completed a sex offender treatment program early in his incarceration and because he was on a waiting list for a treatment program at the time of the SORA hearing are without merit. These are not circumstances of a kind or to a degree not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (see People v Gillotti, 23 NY3d 841, 861 [2014]). These circumstances are taken into account under risk factor 12, acceptance of responsibility, and are not mitigating factors warranting a departure from the defendant’s presumptive risk level determination. (see id. at 861; People v Torres, 124 AD3d 744, 745-746 [2015]).
 

 The defendant’s remaining contentions are without merit.
 

 Accordingly, the Supreme Court properly denied the defendant’s request for a downward departure from his presumptive designation as a level three sex offender.
 

 Rivera, J.R, Hall, Roman and Christopher, JJ., concur.