People v Smith (2018 NY Slip Op 00856)





People v Smith


2018 NY Slip Op 00856


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2014-03071

[*1]People of State of New York, respondent,
v
Frederick Smith, appellant.


Seymour W. James, Jr., New York, NY (Rachel L. Pecker of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Daniel Morales on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth Foley, J.), dated March 17, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the third degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court determined that the defendant was a presumptive level two sex offender based on his total score of 80 points on the risk assessment instrument. However, upon the recommendation of the Board of Examiners of Sex Offenders and the People's request, the court determined that an upward departure from the presumptive risk level was warranted under the circumstances. Accordingly, the court designated the defendant a level three sex offender. On appeal, the defendant contends that the People failed to sustain their burden of establishing the existence of an aggravating factor warranting an upward departure from the presumptive risk level.
Where, as here, the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the risk assessment instrument, and prove the facts in support of the aggravating factor by clear and convincing evidence (see People v Gillotti, 23 NY3d 841, 861; People v Shim, 139 AD3d 68, 76; People v DeDona, 102 AD3d at 68; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Once this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment instrument has resulted in an under-assessment of the offender's actual risk to the public (see People v Gillotti, 23 NY3d at 861; People v DeDona, 102 AD3d at 68; People v Wyatt, 89 AD3d 112, 121-123).
Here, the People sustained their burden of identifying and proving an aggravating factor that was not adequately taken into account by the risk assessment instrument and that tended to establish a higher likelihood of reoffense or danger to the community. The record demonstrated that, in addition to several prior convictions that resulted in points scored on the risk assessment instrument, the defendant's extensive criminal history included over 25 additional prior convictions, some of which were violent felony convictions. Under the circumstances of this case, the Supreme Court properly relied upon the defendant's numerous additional prior convictions as a basis for its determination to upwardly depart from the presumptive risk level (see People v Maldonado, 127 [*2]AD3d 714, 715; People v Newman, 71 AD3d 488, 488; People v Vives, 57 AD3d 312, 313; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; cf. People v Ruland, 128 AD3d 1036, 1037-1038). Thus, the court providently exercised its discretion in granting the People's application for an upward departure from the presumptive sex offender risk level.
The defendant's contention that an upward departure is not warranted because he is less likely to re-offend due to his age of 57 years is unpreserved for appellate review, since the defendant did not raise this issue at the SORA hearing (see People v Locklear, 154 AD3d 888; People v Cosby, 154 AD3d 789). In any event, the published works and studies cited in support of the defendant's position that offenders who are over age 50 have a reduced rate of recidivism were not submitted at the hearing and are dehors the record (see People v Cosby, 154 AD3d 789).
The defendant's remaining contention need not be reached in light of our determination.
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court