People v Howell (2018 NY Slip Op 08515)





People v Howell


2018 NY Slip Op 08515


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2014-07917

[*1]People of State of New York, respondent,
v
Willie Howell, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Adolfsen, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Matthew J. D'Emic, J.), dated August 5, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant's contentions that the Supreme Court should have granted his request for a downward departure from his presumptive risk level based on his criminal history and conduct while confined, and because his score on the risk assessment instrument was in the lower range of scores for a presumptive level three designation, are unpreserved for appellate review, since the defendant failed to raise these grounds at the SORA hearing (see People v Cosby, 154 AD3d 789, 790; People v Destio, 145 AD3d 1047, 1048). In any event, these grounds did not constitute mitigating factors of a kind, or to a degree, not otherwise adequately taken into account by the Guidelines (see People v Wilson, 156 AD3d 734, 734-735; People v Rodriguez, 145 AD3d 489, 490; People v Roldan, 140 AD3d 411, 412). Moreover, the defendant's scores on the Static-99R and the "Screening Scale for Pedophilic Interests" also did not constitute proper mitigating factors (see People v Curry, 158 AD3d 52, 54; People v Rodriguez, 145 AD3d at 490; People v Roldan, 140 AD3d at 412).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from his presumptive designation as a level three sex offender.
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court