People v Boutin (2019 NY Slip Op 04012)





People v Boutin


2019 NY Slip Op 04012


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-11117

[*1]People of State of New York, respondent,
v
David Boutin, appellant. Laurette D. Mulry, Riverhead, NY (Edward E. Smith of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera and Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated September 25, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 85 points, within the range for a presumptive designation as a level two sex offender. The court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant challenges the denial of his request for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant contends that the County Court should have considered, as a ground for a downward departure, that he demonstrated an exceptional response to sex offender treatment during his incarceration. This contention is unpreserved for appellate review, as the defendant failed to raise it as a ground for a downward departure at the SORA hearing (see People v Howell, 167 AD3d 785, 786; People v Cosby, 154 AD3d 789, 790). In any event, the defendant failed to demonstrate that his response to treatment was exceptional (see People v Santiago, 137 AD3d 762, 764; People v Dyson, 130 AD3d 600, 601; People v Torres, 124 AD3d 744, 746).
The defendant's scores on various tests and alternate risk assessment instruments that [*2]were administered as part of a psychiatric and risk assessment evaluation did not constitute a proper mitigating factor (see People v Howell, 167 AD3d at 786; People v Haye, 162 AD3d 801, 801; People v Curry, 158 AD3d 52, 54; People v Rodriguez, 145 AD3d 489, 490; People v Roldan, 140 AD3d 411, 412). In addition, the defendant did not show that any specific, unique risk factors included on these instruments demonstrated that he is at a lower risk of reoffense or poses less of a danger to the community (see People v Curry, 158 AD3d at 61-62).
The defendant also cited community and family support as a mitigating circumstance, and submitted letters from family members, friends, and his wife, which state that they would support him upon his release. The defendant failed to demonstrate how having support from the community or his family established a lower likelihood of reoffense or danger to the community. Thus, the defendant failed to establish an appropriate mitigating factor which was otherwise not adequately taken into account by the SORA Guidelines (see People v Saintilus, 169 AD3d 838; People v Hawthorne, 158 AD3d 651, 654).
Accordingly, we agree with the County Court's determination to deny the defendant's request for a downward departure from his presumptive risk level, and to designate him a level two sex offender pursuant to Correction Law article 6-C.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court