People v Spratley (2019 NY Slip Op 06283)





People v Spratley


2019 NY Slip Op 06283


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


545 KA 18-01805

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH E. SPRATLEY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered July 17, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order classifying him as a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We agree with defendant that County Court erred in assessing him 30 points under risk factor 5. Insofar as relevant here, that risk factor allows the court to assess 30 points if any of the victims is 10 years of age or less, or 20 points if any of the victims is between 11 and 16 years of age (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006]). Defendant was convicted of possessing a sexual performance by a child (Penal Law § 263.16), which requires proof, inter alia, that defendant possessed a play, motion picture, or photograph depicting sexual conduct involving a child who is less than 16 years of age (see §§ 263.00 [1], [4]; 263.16). Consequently, defendant's plea of guilty to that charge does not constitute clear and convincing evidence that 30 points should be assessed under risk factor 5 (cf. People v Hayes, 166 AD3d 1533, 1533-1534 [4th Dept 2018], lv denied 32 NY3d 915 [2019]; People v Asfour, 148 AD3d 1669, 1670 [4th Dept 2017], lv denied 29 NY3d 914 [2017]). Additionally, the evidence submitted by the People, including the presentence report, did not constitute clear and convincing evidence that any of the victims was 10 years of age or less (see generally People v Cephus, 128 AD3d 656, 656 [2d Dept 2015], lv denied 26 NY3d 901 [2015]). The clear and convincing evidence, including the references to the children in the images possessed by defendant in the presentence report as preadolescent or prepubescent, coupled with the report's definition of such children as being between 10 and 13 years of age, however, supports the imposition of 20 points under risk factor 5 (see People v Jean-Bart, 145 AD3d 690, 691 [2d Dept 2016], lv denied 29 NY3d 904 [2017]; People v Caban, 61 AD3d 834, 835 [2d Dept 2009], lv denied 13 NY3d 702 [2009]). When the 30 points assessed under risk factor 5 is reduced to 20 points, defendant's score on the relevant risk factors is 70 points, making him a presumptive level one risk, and there is no basis in the record for granting an upward departure based on an aggravating factor not taken into account by the risk assessment guidelines (see generally People v Grady, 81 AD3d 1464, 1464 [4th Dept 2011]). We therefore modify the order accordingly.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court