People v Smith (2022 NY Slip Op 05800)

People v Smith

2022 NY Slip Op 05800

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Ind. No. 3024/98 Appeal No. 16485 Case No. 2020-03662 

[*1]The People of the State of New York, Respondent,
v
Carlie Smith, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Order, Supreme Court, New York County (Michael J. Obus, J.), entered on or about August 5, 2020, adjudicating defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). There were no mitigating factors that were not adequately taken into account by the guidelines or outweighed by the seriousness of the underlying crime.
Defendant's good prison disciplinary record was sufficiently taken into account by the risk assessment instrument (see People v Watson, 112 AD3d 501, 503 [1st Dept 2013], lv denied 22 NY2d 863 [2014]), and his rehabilitation was not exceptional (see e.g. People v Alcantara, 154 AD3d 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]; People v Santiago, 137 AD3d 762, 764 [2d Dept 2016], lv denied 27 NY3d 907 [2016]), particularly where he did not participate in sex offender treatment. Defendant also failed to show that his age decreased his particular likelihood of reoffense (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022