People v Ortega (2022 NY Slip Op 05801)

People v Ortega

2022 NY Slip Op 05801

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, Mendez, JJ. 

Ind. No. 3921/12 Appeal No. 16460 Case No. 2021-00199 

[*1]The People of the State of New York, Appellant,
v
Garis Ortega, Defendant-Respondent.

Alvin L. Bragg, Jr., District Attorney, New York (Victoria Muth of counsel), for appellant.
Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for respondent.

Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about December 15, 2020, which adjudicated defendant a level one sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the law, to the extent of denying defendant's application for a downward departure and reinstating his original classification as level two, and otherwise affirmed, without costs.
While a court has discretion to grant a modification of a presumptive sex offender classification, the court abused, or at least improvidently exercised, its discretion here (see People v Gillotti, 23 NY3d 841 [2014]). The court placed undue emphasis on defendant's response to sex offender treatment, which was not so exceptional that a downward departure was warranted (see e.g. People v Alcantara, 154 AD3d 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]), and cannot be accurately described as "exceptional" at all (see People v Santiago, 137 AD3d 762, 764 [2d Dept 2016], lv denied 27 NY3d 907 [2016]).
Defendant also failed to present any evidence that his social support system and age (40 years) decreased his particular likelihood of reoffense (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). Defendant's successful completion of substance abuse treatment and abstinence while incarcerated had minimal bearing on his risk of reoffense once he was released (see People v Sepulveda, 187 AD3d 448 [1st Dept 2020], lv denied 36 NY3d 904 [2021]). Defendant's minimal prison disciplinary record was sufficiently taken into account by the risk assessment instrument (see People v Watson, 112 AD3d 501, 503 [1st Dept 2013], lv denied 22 NY2d 863 [2014]).
The underlying crime was a violent rape. Defendant has two prior felony convictions (one being a violent felony), as well as three parole violations, based on new arrests, and his point score was 100. The factors cited by the court did not warrant a downward departure from level two.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022