People v Allen (2023 NY Slip Op 02743)

People v Allen

2023 NY Slip Op 02743

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Ind. No. 9549/89, 12477/90 Appeal No. 286-286A & M-1567 Case No. 2021-01212, 2022-04892 

[*1]The People of the State of New York, Respondent,
v
Clarence Allen, Defendant-Appellant. Ind. Nos. Case Nos.

Twyla Carter, The Legal Aid Society, New York (Nathan R. Brown of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.

Orders, Supreme Court, New York County (Robert M. Mandelbaum, J.), entered on or about April 5, 2021, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant failed to demonstrate that his age mitigated his particular risk of reoffense (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). Defendant also failed to show that there was anything exceptional about his response to treatment (see e.g. People v Ortega, 209 AD3d 540, 540 [1st Dept 2022], lv denied 39 NY3d 908 [2023]), which resulted in both positive and negative evaluations. In any event, these factors, and the other claimed mitigating factors, were outweighed by the seriousness of defendant's criminal history, which includes three violent sexual assaults. We have considered and rejected defendant's remaining arguments.
M-1567 - People v Clarence Allen
Motion to strike portions of pages 14, 15, 25, and 26 of the People's brief granted insofar as they refer to facts other than the crime of conviction and age of the victim set forth in the presentence report from defendant's 1978 conviction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023