People v Torres (2023 NY Slip Op 05230)

People v Torres

2023 NY Slip Op 05230

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Ind. No. 4626/16 Appeal No. 807 Case No. 2019-4202 

[*1]The People of the State of New York, Respondent,
v
Heriberto Torres, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Order, Supreme Court, New York County (Robert M. Mandelbaum, J.), entered on March 29, 2019, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court's assessment of 30 points under risk factor 3 for engaging in sexual conduct with three or more separate victims was supported by clear and convincing evidence, consisting of the case summary, grand jury testimony, and corroborating documents (see People v Izzo, 26 NY3d 999, 1001-02 [2015]; People v Mingo, 12 NY3d 563, 573 [2009]). Nothing in the record indicated that the grand jury testimony of the arresting officer, who witnessed all three incidents, was tailored, fabricated, or otherwise not reliable hearsay (see People v Brunson, 154 AD3d 499 [1st Dept 2017], lv denied, 30 NY3d 908 [2018]). To the extent that defendant argues that he only touched the lower back of one of the victims rather than her buttocks, this sufficed to constitute intimate contact and sexual conduct under the circumstances of this case (see People v Sene, 66 AD3d 427, 427-428 [1st Dept 2009], lv denied 13 NY3d 941 [2010]). In any event, even if the court erred when it assessed 30 points under risk factor 3, defendant does not dispute that his prior sex felony conviction automatically rendered him a presumptive level three offender.
The court providently exercised its discretion when it denied defendant's request for a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant failed to offer sufficient proof to demonstrate that his age or physical condition impacted his ability to reoffend, particularly given that he committed the underlying crimes two years earlier, at the age of 68 (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]; People v Lopez, 146 AD3d 477 [1st Dept 2017], lv denied 29 NY3d 904 [2017]). Defendant's repetitive and compulsive pattern of offending behavior indicated a significant risk of recidivism, which was not outweighed by the mitigating factors he cites, including his disciplinary record while incarcerated and his progress in sex offender treatment (see People v Alcantara,154 AD3d 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023