People v Jenkins (2024 NY Slip Op 01120)

People v Jenkins

2024 NY Slip Op 01120

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Mendez, O'Neill Levy, JJ. 

Ind No. 1818/13 Appeal No. 1768 Case No. 2019-3118 

[*1]The People of the State of New York, Respondent,
v
Joseph Jenkins, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rebecca D. Martin of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Charles F. Hickerson IV of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about February 15, 2019, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed 10 points under risk factor 1 for forcible compulsion, based on the clear and convincing evidence that defendant bent the four-year-old victim over a chair and held her head down as he subjected her to sexual contact (see People v Cobb, 188 AD2d 308, 309 [1st Dept 1992], lv denied 81 NY2d 969 [1993]; see also People v Martinez, 125 AD3d 735, 736-737 [2d Dept 2015], lv denied 25 NY3d 906 [2015]).
The assessment of 15 points under risk factor 12 for failure to accept responsibility was also warranted. Despite his initial admissions, defendant denied guilt during his intake interview with DOCCS and refused to participate in sex offender treatment during his incarceration. These conflicting positions demonstrated a lack of genuine acceptance of responsibility (see People v Solomon, 202 AD3d 88, 94 [1st Dept 2021], lv denied 38 NY3d 906 [2022]; People v Hatcher, 132 AD3d 407 [1st Dept 2015], lv denied 26 NY3d 915 [2016]).
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant's purported instances of acceptance of responsibility were adequately taken into account by the risk assessment instrument (see People v Mills, 220 AD3d 548, 548-549 [1st Dept 2023]), notwithstanding the court's ultimate finding of lack of genuine acceptance. Defendant's participation in alcohol and substance abuse treatment, the lack of violent crimes or sex offenses in his criminal history, and the absence of felonies committed by him in the 15 years before the underlying offense were also adequately accounted for by the risk assessment instrument (see People v Boubacar, 222 AD3d 409 [1st Dept 2023]; People v Rodriguez, 145 AD3d 489, 489-490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). Defendant has not demonstrated how his age, 51 at the time of the hearing, decreased his likelihood of reoffense (see Rodriguez, 145 AD3d at 490). In any event, the mitigating factors cited by defendant were outweighed by the seriousness of the underlying crime.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024