People v Harris (2025 NY Slip Op 00026)

People v Harris

2025 NY Slip Op 00026

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Ind. No. 1273/93 Appeal No. 3372 Case No. 2018-5324 

[*1]The People of the State of New York, Respondent,
v
Derrick Harris, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Anju Alexander of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered July 13, 2018, which adjudicated defendant a level three predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The People offered clear and convincing evidence to support the assessment of 15 points under factor 13 in the risk assessment instrument (RAI) where defendant admitted to corrections officials, and later to the SORA court, that he had a past history of drug use, had completed an ASAT program at DOCCS, and admitted that he smoked marijuana on the date he forced his victim to have sexual intercourse with him (see People v Van Phu Bui, 156 AD3d 448 [1st Dept 2017], lv denied 31 NY3d 903 [2018]; People v Guasp, 95 AD3d 608 [1st Dept 2012], lv denied 19 NY3d 812 [2012]).
The People also offered clear and convincing evidence to support the assessment of 20 points under factor 13 for conduct that was unsatisfactory while incarcerated, including sexual misconduct (see e.g. People v Bryant, 224 AD3d 415 [1st Dept 2024]; People v Birch, 99 AD3d 422 [1st Dept 2012], lv denied 20 NY3d 854 [2012]). Defendant accumulated 11 tier III and tier II violations combined during 24 years of incarceration, which reflected unsatisfactory conduct (see e.g. People v Jackson, 215 AD3d 406 [1st Dept 2023], lv denied 40 NY3d 904 [2023]), and his argument that he should not be assessed points since he did not incur any tier III or tier II violations in the last seven years of his incarceration is unavailing considering the circumstances.
While the People demonstrated defendant's total RAI score of 120 points has the support of clear and convincing evidence in the record, and that such score would make him a presumptive level three risk to re-offend, defendant's prior felony sex offense convictions would have, in any event, warranted an automatic override of defendant's risk level to a presumptive level three risk, regardless of his point total on the RAI (see People v DeLeon, 206 AD3d 430 [1st Dept 2022], lv denied 39 NY3d 902 [2022]; People v Bean, 190 AD3d 622, 623 [1st Dept 2021], lv denied 36 NY3d 913 [2021]).
Defendant failed to demonstrate by a preponderance of the evidence that mitigating factors not already accounted for by the RAI existed to support his application for a downward departure, and that aggravating factors did not outweigh his evidence submitted in mitigation (see People v Gillotti, 23 NY3d 841 [2014]). Defendant's argument that his completion of a rigorous sex offender treatment program should be considered in mitigation is unavailing, as the completion of rehabilitation programs is taken into account by the RAI scoring unless a defendant can show exceptional participation results (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]), which was not demonstrated in this case.
To the extent defendant asserts his age at 56 makes him less likely to re-offend based [*2]on specified recidivist studies, this argument is unavailing where defendant offers no evidence to show how the findings in the studies relate to him, his proclivities, and his capabilities (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]).
Even assuming that defendant demonstrated mitigating circumstances existed that warranted consideration, they were far outweighed by aggravating factors in this case, including defendant's two prior sexual assault convictions in addition to the instant rape conviction, his demonstrated inability to refrain from sexual assault while at liberty, his incarceration for over 40 years beginning when he was 16 years of age, his acknowledged mental problems that remain unaddressed, and his overfocus on the belief that he was the victim given his life's circumstances (see e.g. People v Torres, 220 AD3d 514, 515 [1st Dept 2023], lv denied 41 NY3d 908 [2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025