People v Martell (2025 NY Slip Op 00926)

People v Martell

2025 NY Slip Op 00926

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Ind. No. 813/16 Appeal No. 3712 Case No. 2020-00768 

[*1]The People of the State of New York, Respondent,
v
Nicholas Martell, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Paris C. DeYoung of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nayeon K. Chung of counsel), for respondent.

Order, Supreme Court, New York County (Michael J. Obus, J.), entered on or about December 13, 2019, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law Art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant, who was 19 years old at the time of the offense, cites his age as a mitigating factor, but his argument is merely "a general criticism of the way the Guidelines treat youthfulness" (People v Montesquieu, 217 AD3d 548, 549 [1st Dept 2023], lv denied 40 NY3d 909 [2023]). Defendant also failed to demonstrate that he specifically posed a lower risk of reoffense due to his age (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). Similarly, "[t]here was no overassessment regarding substance abuse, where defendant admitted to having abused substances at the time of the underlying offense, and his abstinence from substances while incarcerated has little significance" (People v Rios, 209 AD3d 473, 474 [1st Dept 2022], lv denied 39 NY3d 909 [2023]).
Defendant did not establish that his rehabilitative efforts were so exceptional as to warrant a departure (see People v Alcantara, 154 AD3d 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]; cf. People v Williams, 148 AD3d 540 [1st Dept 2017]), nor did he demonstrate that his family and community support reduced his particular likelihood of reoffense or danger to the community (see People v Mills, 220 AD3d 548, 549 [1st Dept 2023], lv denied 41 NY3d 908 [2024]; People v Roman, 198 AD3d 425, 426 [1st Dept 2021]). In any event, the alleged mitigating factors were outweighed by the serious nature of the offense and defendant's history of violence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025