People v Showers (2025 NY Slip Op 05751)

People v Showers

2025 NY Slip Op 05751

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ. 

Ind No. 2356/15|Appeal No. 4981|Case No. 2024-00565|

[*1]The People of the State of New York, Respondent,
v
Peter Showers, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about January 9, 2024, which, after a hearing, adjudicated defendant a risk level three sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining defendant's request for a downward departure. The mitigating factors that defendant cited were outweighed by his extensive criminal history and the heinousness of the crime (People v Galarza, 220 AD3d 449, 449 [1st Dept 2023], lv denied 41 NY3d 903 [2024]; People v Ortiz, 160 AD3d 442, 443 [1st Dept 2018], lv denied 31 NY3d 913 [2018]). Defendant invited the victim to his apartment on false pretenses, kidnapped her, raped her at gunpoint, and stole her money and cellphone. Defendant and a codefendant then tried to force the victim into prostitution. Defendant also fired a gun at the victim's friend when she came to the victim's rescue.
The risk assessment instrument accounted for defendant's completion of sex offender treatment by assessing him zero points under factor 12, acceptance of responsibility (see People v Watson, 112 AD3d 501, 503 [1st Dept 2013], lv denied 22 NY3d 863 [2014]). Although defendant made strides in treatment, he failed to demonstrate that his achievements were "so exceptional as to warrant a downward departure" (People v Ferdinand, 237 AD3d 613, 614 [1st Dept 2025]). Moreover, he failed to "present any expert testimony or other evidence at the hearing that might have allowed the SORA court to make a finding that defendant is less likely to reoffend" based on six months of participation in sex offender treatment (People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]).
Defendant's claim that his age of 48 makes him a lower risk is unpreserved because he failed to raise that argument before the SORA court, and we decline to review it in the interest of justice (see People v Ross, 121 AD3d 440 [1st Dept 2014]). As an alternative holding, we reject it on the merits. Defendant offered no expert testimony "that might have allowed the SORA court to make a finding that defendant is less likely to reoffend based on his age" (Rodriguez, 145 AD3d at 490). Nor did defendant offer any evidence that he suffered from any "disabling infirmities" that would prevent him from reoffending (Galarza, 220 AD3d at 449). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 16, 2025