People v Young (2026 NY Slip Op 00431)

People v Young

2026 NY Slip Op 00431

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Ind No. 2429/17|Appeal No. 5708|Case No. 2022-01836|

[*1]The People of the State of New York, Respondent,
vDaniel Young, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Hanna Wallace of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about April 11, 2022, which, adjudicated defendant a risk level two sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure, and there is no basis for this Court to exercise its independent discretion to adjudicate defendant a level one offender (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors defendant cites were "outweighed by the seriousness of the underlying offense against a young child" (People v Medina, 189 AD3d 588, 588 [1st Dept 2020], lv denied 36 NY3d 913 [2021]), who was a stranger to him (see People v Johnson, 11 NY3d 416, 419 [2008]), and by defendant's extensive criminal history (see People v Goldbeck, 104 AD3d 567, 567 [1st Dept 2013], lv denied 21 NY3d 860 [2013]) and history of parole violations, including the underlying offense (see People v Galloway, 93 AD3d 575 [1st Dept 2012], lv denied 19 NY3d 806 [2012]). Defendant's expressions of remorse, completion of substance abuse and sex offender treatment, family support, and participation in vocational training were adequately taken into account by the risk assessment instrument (see People v Frederick, 238 AD3d 493, 494 [1st Dept 2025], lv denied 44 NY3d 908 [2025]; People v Perez, 226 AD3d 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]).
Defendant presented no evidence that his response to sex offender treatment was the kind of "exceptional" response for which the risk assessment instrument did not account (People v Bonnemere, 201 AD3d 475, 475 [1st Dept 2022]). His "successful completion of substance abuse treatment . . . while incarcerated" did not warrant a downward departure because it "had minimal bearing on his risk of reoffense once he was released" (People v Ortega, 209 AD3d 540, 540 [1st Dept 2022], lv denied 39 NY3d 908 [2023]).
Under the totality of the circumstances presented, neither defendant's family support nor his active participation in his religious community while in prison warrant a downward departure (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]; People v Jones, 226 AD3d 1265, 1267 [3d Dept 2024], lv denied 42 NY3d 907 [2024]).
Finally, defendant's presentation of social science research is unavailing because the studies defendant cites are "insufficiently connected to defendant's specific risk of reoffense" (People v Castillo, 211 AD3d 648, 649 [1st Dept 2022], lv denied 39 NY3d 912 [2023]). Defendant "did not present any expert testimony or other evidence at the hearing that might have allowed the SORA court to make a finding" that these factors made him "less likely to reoffend" (Frederick, 238 AD3d at 494 [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026