People v Ruggeri

2026 NY Slip Op 02071

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Craig Ruggeri, Appellant.

Decided and Entered: April 07, 2026

Ind. No. 71234/23|Appeal No. 6309|Case No. 2024-05537|

Before: Scarpulla, J.P., Friedman, Shulman, Rodriguez, Rosado, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec D. Miran of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Sarah Lubin of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Marisol Martinez Alonso, J.), entered on or about August 21, 2024, which adjudicated defendant a level three sexually violent predicate offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Even if the SORA court erroneously applied a clear and convincing evidentiary standard in declining defendant's request for a downward departure to level two, in applying the correct standard, there is no basis to disturb the presumptive override to level three for defendant's prior felony sex crime convictions, notwithstanding their remoteness in time (see People v Acosta, 225 AD3d 553, 554 [1st Dept 2024], lv denied 41 NY3d 910 [2024]). Notably, defendant failed to argue that the mitigating factors he cites were not accounted for by the risk assessment instrument, even though "the three-step Gillotti analysis properly implements the Guidelines and are applied in full regardless of the applicability of an override" (see People v Lafrem, 242 AD3d 644, 644 [1st Dept 2025]).

In any event, defendant failed to show that his age of 52 would make him less likely to reoffend (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). Furthermore, defendant, who was convicted of persistent sexual abuse, has a more than 20-year criminal history of targeting underage victims, and his argument that the type of misconduct in which he has been more recently engaged is not serious enough to warrant a level three designation is both unsupported and unavailing (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY 3d 902 [2024]; People v Doctor, 108 AD3d 413 [1st Dept 2013], lv denied 21 NY3d 866 [2013]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026